**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **JAMAL COOPER, #18179-05,** | ) | |
| | ) | |
| **Movant,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 3:26-cv-00206** |
| | ) | **Judge Trauger** |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |

**MEMORANDUM AND ORDER**

On February 24, 2026, federal prisoner Jamal Cooper filed a pro se Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. (Doc. No. 1, "Motion.") The movant challenges his 2017 sentence in this court that followed his plea of guilty to drug trafficking and firearms offenses. That sentence has already survived one challenge under Section 2255. *See Cooper v. United States*, No. 3:19-cv-01007, Doc. Nos. 54, 55 (M.D. Tenn. June 17, 2024), *cert. of app. denied*, No. 24-5634, Doc. Nos. 10, 11 (6th Cir. Nov. 22, 2024). This court lacks jurisdiction to consider a "second or successive" motion to vacate, set aside, or correct the same sentence, unless the motion is first certified by the Sixth Circuit Court of Appeals "to contain-- (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h).

The question thus becomes whether the Motion is "second or successive," versus being merely a numerically second motion to vacate sentence that raises a newly ripe claim. *See In re*

*Smith*, 690 F.3d 809, 809–10 (6th Cir. 2012). "A district court has jurisdiction to consider numerically second [§ 2255 motions] that are not 'second or successive' [motions] within the meaning of [the statute]," *id.* at 809, but that raise claims which "became ripe after [the] first round of § 2255 review concluded." *Petaway v. United States*, 104 F. Supp. 3d 855, 857 (N.D. Ohio 2015). For the reasons that follow, the court finds that the Motion is not only second in time, but also "second or successive" under Section 2255(h).

The Motion presents a single claim, the basis of which has previously been presented both to this court[1] and (twice) to the Sixth Circuit.[2] That claim is presented in the Motion under the heading "Newly Discovered Evidence/Actual Innocence/Extrinsic Fraud: The sworn affidavit of co-defendant Eric Williams shows that the warrant for the wiretap was illegally obtained by extrinsic fraud." (Doc. No. 1 at 5.) The Motion presents this claim in much the same way as it was previously presented to the Sixth Circuit, which denied permission to file a second or successive Section 2255 motion asserting the claim in March 2026, *In re: Jamal Cooper*, No. 25-6076, Doc. No. 7 (6th Cir. Mar. 11, 2026), by reference to its decision on the same claim in October 2025. *In re: Jamal Cooper*, No. 25-5507, Doc. No. 10 (6th Cir. Oct. 3, 2025). In October 2025, the Sixth Circuit reasoned that "Williams's affidavit does not contradict Cooper's plea admissions that he illegally possessed firearms and conspired with others to distribute heroin, fentanyl, methamphetamine, and marijuana," so even if the evidence obtained from the wiretaps should have been suppressed, the movant was not entitled to file a second or successive § 2255 motion. *Id.* at 3.

[1] *See U.S. v. Cooper*, No. 3:14-cr-00090, Doc. No. 1841 (M.D. Tenn. Apr. 15, 2025).

[2] *See In re: Jamal Cooper*, No. 25-6076, Doc. No. 1 (6th Cir. Nov. 24, 2025); *In re: Jamal Cooper*, No. 25-5507, Doc. No. 1 (6th Cir. May 29, 2025).

Nevertheless, in a contemporaneous entry on the docket of the movant's closed criminal case (a filing styled "Notice to the Court," of which this court takes judicial notice[3]), the movant cites *Bowe v. United States*, 607 U.S. 13 (2026),[4] and asserts that the Motion is properly filed in this court because:

> [T]he previous rulings by the Sixth Circuit Court of Appeals failed to properly address the merits of the Petitioner's claims of Intrinsic Fraud/Extrinsic Fraud, and the fact that the government did in fact concede that the conviction and sentence was procured by intrinsic fraud/extrinsic fraud. … [C]ourt records show that the government and the court of appeals never addressed the … intrinsic fraud that was committed by AUSA Onderak, and the extrinsic fraud that was committed by DEA Agent Chance. As such this presents an unexhausted claim and … an abuse of discretion that allows [the movant] … to seek relief in the proper court of jurisdiction.

(Case No. 3:14-cr-00090-1, Doc. No. 1895 at 1–2.)

As previously determined by this court, "the probative value of the 2025 Williams affidavit has already been considered in the Sixth Circuit and found wanting." (*Id.*, Doc. No. 1884 at 8.) Therefore, the Motion does not present a claim that is newly ripe; it re-presents a claim that was previously rejected as insufficient to satisfy the standard of 28 U.S.C. § 2255(h)(1). The Motion is therefore second or successive.

The Sixth Circuit has held that "when a second or successive … § 2255 motion is filed in the district court without … authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631." *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

---

[3] *See Overton v. Tennessee*, 590 F. Supp. 3d 1087, 1089 n.1 (M.D. Tenn. 2022) ("The Court may take judicial notice of entries from its docket or another court's docket.") (citation and internal quotation marks omitted).

[4] As relevant here, *Bowe* clarified that 28 U.S.C. § 2244(b)(1), which directs courts to dismiss a claim in a second or successive habeas corpus application that was presented in a prior application, does "not [apply] to federal prisoners' motions under § 2255." 607 U.S. at 18–19.

Accordingly, the Clerk shall **TRANSFER** the Motion to the Sixth Circuit Court of Appeals for further consideration.

In light of the transfer of this case, the Clerk is **DIRECTED** to terminate the movant's other motions (Doc. Nos. 3 and 4) as pending and to administratively close this court's file in this matter.

It is so **ORDERED**.

ALETA A. TRAUGER
United States District Judge